1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK BANKS,<br><br>    Petitioner<br><br>    v.<br><br>TRUMP ARTICLES OF IMPEACHMENT INCITMENT OF INSURRECTION AT U.S. CAPITOL; U.S. HOUSE OF REPRESENTATIVES; U.S. SENATE; WARDEN SEKOU MAAT; CENTRAL INTELLIGENCE AGENCY; DESIGNATION AND SENTENCE COMPUTATION CENTER, GRAND PRAIRIE TEXAS & FEDERAL BUREAU OF PRISONS,<br><br>    Respondents. | Case No. 2:21-cv-01042-ODW (GJS)<br><br>**ORDER DISMISSING PETITION** |

On February 1, 2021, a putative 28 U.S.C. § 2241 habeas petition was filed in this District [Dkt. 1, "Petition"] by Frederick Banks, a convicted federal criminal currently incarcerated in the State of Louisiana at FCI-Oakdale and a frequent litigant here and elsewhere. The Petition names as Respondents the Articles of Impeachment pending against former President Donald J. Trump, both houses of the United States Congress, the Central Intelligence Agency ("CIA"), the apparent Warden of Banks's custodial institution, a federal sentence and computation center

1 in Texas, and the Federal Bureau of Prisons.

2 The two-page Petition does not challenge the manner in which Banks's current criminal sentence is being executed. Rather, Banks asserts that he is being illegally detained, because he is in custody pursuant to an unauthorized and "illegal FISA warrant" and "detainer" that emanated from this District, as well as because of the CIA's alleged use of microwave hearing technology to control people. Banks also asserts that former President Trump is "in custody" for habeas purposes due to the pending impeachment proceedings brought against him and that Congress lacks the power to pursue impeachment, because the articles of impeachment were brought in the name of the "United States of America" rather than "United States" and because former President Trump supposedly is immune from impeachment and criminal prosecution. Finally, Banks complains about various conditions of confinement at his institution, complaining that his mail was opened before he received it and/or has not been sent to outside parties and that prison staff have blocked his electronic requests and placed false information in his central file. As relief, Banks asks that both he and former President Trump be released from custody, that "the FISA" be disclosed, and that the Court order Congress to dismiss the Articles of Impeachment as void and lacking in subject matter jurisdiction. Alternatively, Banks asks the Court to transfer this case to the United States District Court for the District of Columbia.

To resolve the Petition, the Court need not recount Banks's prior criminal history other than to take judicial notice, pursuant to Fed. R. Evid. 201, that in his most recent criminal case, Banks was tried by jury in the United States District Court for the Western District of Pennsylvania and was found guilty of multiple federal counts of wire fraud and one federal count of aggravated identity theft on November 8, 2019. Banks was sentenced on June 16, 2020, to consecutive terms of 80 months and 24 months imprisonment, to be followed by several years of supervised release. *See* Docket in Case No. 2:15-cr-00168 (W.D. Pa.). Banks is

imprisoned at present pursuant to this Pennsylvania District Court conviction and sentence. His assertions that, instead, he is in custody pursuant to a FISA warrant and detainer and/or due to CIA electronic harassment are patently untrue.

Apart from his criminal status and related time spent in the federal criminal court system, Banks also is "a notorious frequent filer" in the federal civil court system, whose cases routinely are dismissed at the pleading stage as frivolous. *Banks v. Song*, No. 1:17-cv-00339 (D. Haw. July 25, 2017) (Order Dismissing Action and Denying In Forma Pauperis Application); *see also Banks v. Cuevas*, No. 4:17CV2460, 2018 WL 1942192, at *1 (N.D. Ohio April 25, 2018) (describing Banks as a "frequent filer of frivolous actions in federal and state courts"); *Banks v. Song*, No. 17-00093, 2018 WL 3130940, at *1-*2 (D. Guam Jun. 26, 2018) (finding lawsuit filed by Banks related to his present criminal prosecution essentially was the same suit he had filed in a number of other Districts and was "malicious" and improperly filed); *Banks v. New York Police Dept.*, No. 4:15-CV-75-RLW, 2015 WL 1414828, at *2-*3 (E.D. Mo. Mar. 26, 2015) (dismissing as legally frivolous and malicious a mandamus action brought by Banks seeking relief based upon, *inter alia*, the deaths of Eric Garner and Michael Brown).[1] Pursuant to Fed. R. Evid. 201, the Court has taken judicial notice of the case dockets and filings available through the PACER and Westlaw systems relating to Banks, which show well over 1,000 unsuccessful federal civil proceedings initiated by Banks over the past decade.

When federal courts began dismissing Banks's civil cases under 28 U.S.C. §

---

[1] Banks also has filed a number of actions in this District that have been summarily dismissed as frivolous. *See* Case Nos.: 2:15-cv-04225-ODW (GJSx); 2:16-cv-05544-JAK (KSx); 2:16-cv-07398-R (JPSx); 2:16-cv-07954-ODW (GJS); 2:17-cv-05412-GW (JPRx); 5:18-cv-00526-ODW (GJS); 5:19-cv-00780-ODW (GJS); 2:19-cv-06748-JAK (JC); 2:19-cv-07428-ODW (GJS); 2:19-cv-08514-ODW (GJS); 2:19-cv-10468-ODW (GJS); 2:20-cv-00665-ODW (GJS); 2:20-cv-00680-ODW (GJS); 2:20-cv-00979-ODW (GJS); 2:20-cv-01138-ODW (GJS); 2:20-cv-03640-ODW (GJS); 2:20-cv-05579-ODW (GJS); 2:20-cv-06288-ODW (GJS); 2:20-cv-06919-ODW (GJS); 2:20-cv-07554-ODW (GJS); 2:20-cv-08191-ODW (GJS); 2:20-cv-08541-ODW (GJS); 2:20-cv-10769-ODW (GJS); and 2:21-00126-ODW (GJS).

1915(g) due to his numerous "strikes," he turned to filing 28 U.S.C. § 2241 or other types of petitions or motions in an attempt to avoid the Section 1915(g) limitation on filing actions without paying the filing fee. *See Banks v. Valaluka*, No. 1:15-cv-01935 (N.D. Ohio Nov. 18, 2015) (denying leave to proceed *in forma pauperis* and dismissing purported mandamus action).) As he has been described:

> Banks is a well-established, multi-district, frequent filer, who has brought over 350 cases in the Northern District of Ohio, the District of Massachusetts, the Southern District of Mississippi, the District of Columbia, the Southern District of New York, the Western District of New York, the District of Colorado, the District of Arizona, the Southern District of Florida, the Middle District of Florida, the Eastern District of North Carolina, the Middle and Western Districts of Pennsylvania, the Eastern District of Missouri, the Eastern District of New Jersey, the Eastern District of Arkansas, the Western District of Oklahoma, the District of Utah, and the District of Alaska. All of these cases were dismissed as frivolous. He has been declared to be subject to three strike provision of 28 U.S.C. § 1915(g) on numerous occasions. Undeterred, Banks utilizes § 2241 to circumvent the application of § 1915(g).

*Banks v. Greene*, No. 4:18-cv-0884, 2018 WL 4615938, at *1 n.1 (N.D. Ohio, Sept. 25, 2018).

In addition to the numerous findings that Banks's case-initiating filings are frivolous, Banks has been designated as a vexatious litigant. *See, e.g., Banks v. Pope Francis*, No. 2:15-cv-01400 (W.D. Pa. Dec. 8, 2015) (Order designating Petitioner as a vexatious litigant). That vexatious litigant designation has been ordered extended to cover filings made by Banks on behalf of any other persons, whether as a purported "next friend" or otherwise, unless and until he has complied with the requirements of the original vexatious litigant designation order. *See United States v. Miller*, 726 Fed. App'x 107 (June 7, 2018) (affirming district court order so extending scope of vexatious litigant order entered against Banks).

As any review, no matter how cursory, of cases available through the PACER system shows, Banks has a long history of filing delusional and meritless actions on

4

his own behalf or supposedly on behalf of others with whom he has no connection, often alleging some sort of mysterious electronic surveillance or, as here, use of "microwave" technology by the CIA. *See, e.g., Banks v. United States*, No. 19-CV-8829 (CM), 2019 WL 4933424, at *1 (S.D.N.Y. Oct. 7, 2019) ("Banks has a history of filing actions on behalf of others without their permission, either by using the 'next friend' device or by naming another individual as a co-plaintiff without that individual's authorization"; and finding that Section 2241 petition brought by Banks on the purported behalf of climate activist Greta Thunberg was a "continuation of [his] pattern of vexatious, frivolous, and nonmeritorious litigation" that warranted summary dismissal); *Banks v. Crooked Hilary*, No. 2:16-cv-07954 (C.D. Cal. Oct. 26, 2016) (Order denying leave to proceed *in forma pauperis* and discussing some of the prior decisions finding Petitioner's actions to be frivolous and delusional); *Schlemmer v. Central Intelligence Agency*, No. 2:15-cv-01583 (W.D. Pa. Dec. 15, 2015) (Order dismissing with prejudice a Section 2241 habeas petition filed by Banks as a purported "next friend" on behalf of a criminal defendant with whom he had no relationship); *Valaluka, supra* (Order at 2: "Banks has not limited his frivolous filings to cases he files in his own name, but has expanded his efforts by filing cases and motions on behalf of other prisoners, often without their knowledge or consent.").

There is and can be no viable claim for habeas relief alleged in the Petition based on its subject matter. To the extent that Banks seeks habeas relief on his own behalf, his assertions that he is in custody due to the CIA's use of microwave hearing technology and/or a FISA warrant or detainer are factually and legally frivolous within the meaning of *Denton v. Hernandez*, 504 U.S. 25, 32-22 (1989), and *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Banks is in custody because he has been convicted in a different federal District of multiple federal crimes and is serving his related sentence in yet another different District, not because of any putative FISA warrant and/or electronic surveillance by the CIA. Banks is not in

custody in this District for habeas or any other purposes. Jurisdiction over a Section 2241 petition "lies in only one district: the district of confinement." *Rumsfield v. Padilla*, 542 U.S. 426, 443 (2004). Banks is not in custody in this District; he is imprisoned in Louisiana. His allegations as to custody in this District based on putative CIA signal transmissions and/or a warrant emanating from this District are factually specious and legally unavailing. *See Banks v. Canada*, No. 9:20-CV-0064 (LEK), 2020 WL 1689859, at *2 (N.D.N.Y. April 7, 2020) (dismissing Section 2241 petition brought by Banks raising the same allegations he has made in prior cases brought here and finding his allegation that the CIA's alleged electronic signal originated in the district insufficient to confer jurisdiction in the district, given that his district of confinement was elsewhere).

Banks's assertion that he may seek habeas relief on behalf of former President Trump related to the pending impeachment proceedings is equally frivolous. Banks has been told time after time that his various "habeas" actions motivated by news events involving others do not belong in this District. Moreover, as Banks also has been told over and over again, he has no right to purport to represent anyone else in legal proceedings. Generally, non-lawyers may not represent other persons in court. *See, e.g., Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity"); *Collinsgru v. Palmyra Bd. Of Educ.*, 161 F.3d 225, 232 (3rd Cir. 1998). 28 U.S.C. § 1654 permits persons to appear on a pro se basis <u>only</u> in their "own cases personally." *See Shephard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Local Rule 83-2.10.2 expressly prohibits a pro se litigant from delegating his representation to any other person. Because Banks is not a lawyer authorized to practice in this Court, he may not pursue relief on behalf of anyone else. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a layperson acting in pro per may not appear or seek relief on behalf of others); *see also Banks as next friend of Waymer v. Eddy*,

801 Fed. App'x 50 (3rd Cir. April 14, 2020) (affirming dismissal of Section 2241 petition brought by Banks on behalf of others and finding that not only did Banks lack standing to seek relief on behalf of others as a next friend, but that "as a layperson, Banks cannot represent other parties," even if he is purporting to act as a next friend); *Banks v. NPR New Morning Edition*, 795 Fed. App'x 92 (3rd Cir. Feb. 25, 2020) (affirming dismissal of Section 2241 petition brought by Bank on behalf of Anthony Bourdain and finding that "Banks cannot litigate on behalf of Bourdain or his estate").

If Banks wishes to challenge his present criminal custody, there are established avenues for him to do so, but none of them include bringing repeated and frivolous 28 U.S.C. § 2241 habeas actions outside of the District of conviction based on matters having nothing to do with his present conviction and/or sentence.[2] The matters alleged in the Petition simply do not involve situations in which Section 2241 federal habeas jurisdiction or any other basis for federal jurisdiction properly can be invoked,[3] much less in a District having nothing to do with him or the matters of which he complains.[4]

---

[2] Banks's bald assertion that the 28 U.S.C. § 2255 remedy is inadequate and ineffective, and he therefore may seek release under Section 2241, is unpersuasive, to say the least. Banks's appeal of his criminal conviction remains pending in the United States Court of Appeals for the Third Circuit (No. 20-2235), and thus, his Section 2255 remedy remains available. In any event, as Banks is not confined in this District, he cannot pursue Section 2241 relief here on the theory that Section 2255 has become inadequate and ineffective.

[3] Banks's complaints about his mail and other alleged actions taken by prison staff are complaints about the conditions of his confinement and not cognizable in federal habeas review. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). His assertion that success on these conditions of confinement claims would lead to a speedier release, and that the claims thus may be heard under Section 2241, is frivolous.

[4] The Court notes that Banks contemporaneously filed an identical Section 2241 petition in the District in which he actually is in custody, namely, the Western District of Louisiana. *See* Case No. 2:21-cv-00245-JDC-KK, Dkt. 1. Banks's tactic of submitting the same petition to two different courts at the same time – one of which has nothing to do with him – is rank forum shopping and is improper.

1    In addition, the Court declines Banks's request that it transfer this action to the
2 United States District Court for the District of Columbia.  If Banks believed that this
3 Petition properly can be heard in that District, he should have submitted it there in
4 the first instance.  As it stands, however, there is no apparent basis for transferring
5 this case to yet another District that has nothing to do with his present criminal
6 conviction and custody.
7    Accordingly, IT IS ORDERED that:  the Petition is dismissed for lack of
8 jurisdiction; and Judgment shall be entered dismissing this action.

10  DATED: February 11, 2021

    _____
    OTIS D. WRIGHT, II
    UNITED STATES DISTRICT JUDGE

13  Submitted by:

    _____
16  GAIL J. STANDISH
    UNITED STATES MAGISTRATE JUDGE